IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 99-30627
Summary Calendar

HUMBERTO HINOJOSA,

       Plaintiff - Appellant,

v.

CHRISTIAN PETER MAYER, ET AL.,

       Defendants,

OSSIE B. BROWN,

       Defendant-Appellee.

No. 99-30963
Summary Calendar

HUMBERTO HINOJOSA,

       Plaintiff-Appellant,

v.

CHRISTIAN PETER MAYER, ET AL.,
       Defendants,

RICHARD P. IEYOUB, Attorney General, State of Louisiana

       Defendant-Appellee.

Appeals from the United States District Court
For the Western District of Louisiana
(USDC 96-CV-2604)

August 22, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

These consolidated appeals arise out of an action by Roberto Hinojosa against his supposed attorney, Christian Mayer, local counsel for Hinojosa, Ossie Brown, then-district attorney of Calcasieu Parish, Louisiana, Richard Ieyoub, and other individuals. Hinojosa appeals the district court's grant of summary judgment to Brown and Ieyoub, the remaining defendants in the action.

Hinojosa was stopped by Louisiana police and his car and $140,000 were seized. On June 20, 1989, Mayer and local counsel hired by Mayer, Ossie Brown, entered into a settlement agreement with the district attorney, Richard Ieyoub, for the return of $77,000. The funds were to be distributed with $25,000 going to Brown and a $52,000 check made out jointly to Hinojosa and Mayer.

As it turns out, Mayer was not actually an attorney and apparently made off with the joint check. Six years later, Hinojosa filed suit against various individuals including Brown and Ieyoub for his lost monies. Brown and Ieyoub filed separate summary judgment motions, which the district court granted: Brown's on prescription grounds, and Ieyoub's motion on Eleventh Amendment and official immunity grounds.

We affirm the judgment as to both defendants on prescription grounds. Louisiana's prescription statute requires that suit be

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

brought within one year of the alleged wrongful action.[1]  Hinojosa seeks an exception to Louisiana's prescription law under the doctrine of contra non valentum.[2]  He presents no valid reason, however, why he could not have pursued his action earlier than six years after Mayer absconded.  His assumption that he could not sue, either due to a statement of Mayer's assistant in 1989 or the "no claims" stipulation in the settlement agreement,[3] does not justify an exception; these beliefs were not outside factors preventing Hinojosa from filing suit.  Further, Hinojosa's actual knowledge of a viable claim is irrelevant; the fact was "reasonably knowable" under an objective standard.[4]

AFFIRMED AS TO JUDGMENTS IN FAVOR OF BOTH BROWN AND IEYOUB.

---

[1]See LA. STAT. ANN. C.C. Art. 3492.

[2]See Art. 3467 cmt. (d); Corsey v. State, 375 So.2d 1319 (La. 1979).

[3]This argument is new on appeal.

[4]See Corsey, 375 So.2d at 1321-22.

3